ALLEN L. WINTER, Appellant, *vs.* THE TRUSTEES OF THE SECOND PRESBYTERIAN CHURCH *et al.* Appellees.

*Opinion filed February 25, 1911.*

1. WILLS—*will construed as creating life interest in one-half of income and contingent remainder for life in other half.* Where a will gives to each of two named brothers an equal interest, for life, in the net income of certain trust property, the survivor to have the other's interest if either shall die without leaving a lawful child but neither to have the fee, which is to vest in their lawful children or in default of children to be otherwise disposed of, each brother has a present life interest in one-half of the net income and a remainder for life in the other half, contingent upon his surviving his brother, if the latter dies leaving no lawful child.

2. SAME—*when a codicil changes life interest to fee.* Where the estate given to two named brothers by the original will is a present life estate in one-half of the net income of certain trust property with remainder for life in the other half, contingent either dying before the other and leaving no lawful child, but it is provided by a codicil that each may have his share in fee and freed from the trust if he attains the age of thirty-five years and procures a certain order from the county court showing his fitness to take, if either reaches the stipulated age and obtains the required order he is vested with a half interest in the property in fee, and will take the fee in the entire property if the other dies without leaving a lawful child and without attaining the age of thirty-five years.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.·

STONE, OGLEVEE & FRANKLIN, for appellant.

SPENCER EWING, guardian *ad litem* for Richard Winter.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree construing the will of Sarah B. Withers. The portion of the will material to this controversy is as follows:

"*Clause 2.*—I hereby will and devise to my friends, Hon. Adlai E. Stevenson and Henry Capen, as trustees, upon the trust and conditions hereinafter stated, [certain described premises.] The said trustees and their successors in office shall collect all rents, profits and income from and arising out of said properties, and out of said rents, profits and income shall first pay all taxes, assessments, insurance, repairs and other necessary expenses to keep said realty in good order and rentable condition; second, to retain for themselves a reasonable compensation for their services; and third, to pay not to exceed the remainder of the net income, in their discretion, sufficient for the comfortable support and suitable education of Allen L. Winter and John F. Winter, Jr., children of my adopted daughter, (now deceased,) Jessamine C. Winter, until said children shall, respectively, reach the age of twenty-five years, and from and after said period of twenty-five years of age of each of them, an equal moiety of the net income from said buildings and properties shall be paid to each of said children. In case of the decease of either of said children without leaving him surviving lawful heirs of his body begotten, then the survivor of them shall so receive the entire net proceeds and income from said trustees for and during the natural life of said survivor. In case each of them should depart this life without leaving lawful children, then the fee simple title to all said property in this paragraph mentioned shall at once revert to and vest in my estate, to be distributed under the other provisions of this will, and if not so distributed, to be considered as intestate estate. At the decease of either of said children, provided he leave

248—24

him surviving a lawfully born child or children, then an equal one-half part of the property in this paragraph specified shall forthwith vest in fee simple in said child or children and his, her or their heirs forever, provided that if either one of said children of said Jessamine C. Winter shall depart this life leaving him surviving lawful issue and the other one of said children of said Jessamine C. Winter shall depart this life leaving him surviving no issue, then the issue of the one who alone leaves him surviving children of his body lawfully begotten shall become seized in fee simple of all of said property in this paragraph specified. In case neither of said children of said Jessamine C. Winter shall leave him surviving lawful issue of his body begotten, then, upon the decease of the said children of Jessamine C. Winter, I hereby will and devise the remainder of all of said property in this paragraph specified to the trustees of the Second Presbyterian Church of said city of Bloomington and to their successors forever, in fee simple, for the purpose of more fully carrying out and more amply supporting and endowing the trust specified in the first clause of this will."

The testatrix published four codicils to her will, the only portions of which material here are contained in the third and fourth codicils, as follows:

"(3) If at any time after the said Allen L. Winter and John F. Winter, Jr., shall have reached the age of thirty years, he shall satisfactorily show to the county court of McLean county, Illinois, that he is of safe, good and economical business habits, of sobriety, and of such a character as to show himself to be vested, with safety, with the entire ownership and title of the real estate devised by my foregoing will, for his benefit, to said trustees, then upon suitable order finding such facts, entered by said county court, upon proper petition of either or each said Allen L. Winter and John F. Winter, Jr., said trust, as to the interests of said petitioner, shall forthwith cease and deter-

mine, and the real estate devised in trust for him by my foregoing will shall, in such event, forthwith vest in said petitioner in fee simple."

"(4) On page 3 of the foregoing will, at line 7 thereof, I hereby strike out and cancel the words 'twenty-five,' between the words 'of' and 'years,' and insert in lieu thereof the words 'thirty-five,' it being my will that neither said Allen L. Winter nor John F. Winter, Jr., shall receive the *corpus* of their inheritance from the hands of the trustees hereinbefore specified until they have reached the age of thirty-five, respectively."

"(5) I also strike out of line 21, on page 27, between the words 'of' and 'years,' the word 'thirty' and insert in lieu thereof the words 'thirty-five.' "

John F. Winter, Jr., died April 19, 1909, under thirty-five years of age and leaving no children. Allen L. Winter, the appellant, became thirty-five years of age on November 28, 1908, and soon after procured the entry by the county court of McLean county of the order mentioned in the third codicil. He has a minor son, Richard Winter, who was made a party to the bill and defended by a guardian *ad litem*. The appellant claims to be the owner of the premises in controversy in fee simple, but the court decreed him to be seized of a fee simple title in one-half and a life estate in the other half, with a contingent remainder in fee in Richard Winter or the trustees of the Second Presbyterian Church of Bloomington.

The intention manifested by the original will was to give the named devisees an interest for life, only, the portion of the net income to be paid to them to be discretionary with the trustees until the beneficiaries should have reached the age of twenty-five years but the trust to continue during their lives and the fee to vest only in their children who should survive them. In no event was Allen L. Winter or John F. Winter, Jr., to have any interest in the estate except in the net income for life to be paid by

the trustees. In case of the death of either leaving no children the character of the interest of the survivor was not changed but thereafter he was to receive the whole of the net income instead of the half. Upon his death his children surviving him would take the fee. The interest of each of the devisees was a present life estate in one-half of the net income and a life estate in the remaining half, contingent on the death of the other devisee leaving no issue. The change in the intention of the testatrix indicated by the codicil is the design to terminate the trust and to vest absolutely and without condition all the interest given by the will to the devisees named, respectively, upon their reaching the required age and making the required showing to the county court and procuring the required order. The intention expressed was that they should not receive the *corpus* of the estate from the hands of the trustees until they should, respectively, have reached the required age, but that they should then, upon complying with the conditions mentioned, receive, without condition, whatever interest was devised. When the appellant, upon completing his thirty-fifth year, made the satisfactory showing to the county court of his character, sobriety and habits required by the codicil and the court entered the order mentioned, the interest given to him became vested in him in fee simple. The interest so vested in him was the fee simple in one-half and a remainder in fee in the other half, contingent upon the death, in his lifetime, of his brother leaving no issue. Before his thirty-fifth birthday, and before the entry of the order of the county court, he had a life estate in one-half and a remainder for life in the other half, contingent upon the death, in his lifetime, of his brother leaving no issue. It must be conceded that his present life estate in the one-half became a fee, and there is no reason for applying a different rule to the contingent life estate in the other half. If the appellant had not applied to the county court for the order mentioned in the codicil until after his brother's death

his interest would then have been a present life estate in the whole of the property. Under the terms of the codicil, upon the entry' of the order the trust would then have forthwith ceased and determined and the real estate devised would have forthwith vested in the appellant in fee simple.

The circuit court erred in its construction of the will, and its decree will therefore be reversed and the cause remanded, with directions to enter a decree adjudging the appellant to be the owner of the premises in controversy in fee simple.          *Reversed and remanded, with directions.*